James A. McDevitt
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-09-089-WFN |
| Plaintiff, | |
| vs. | United States's Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention |
| TIMOTHY SHELLY, | |
| Defendant. | |

Plaintiff United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Stephanie Lister, Assistant United States Attorney for the Eastern District of Washington, submits the following memorandum in support of the United States' Opposition to Defendant's Notice of Appeal of the Order of Magistrate Judge Imbrogno, dated September 21, 2009, ordering the above Defendant be detained.

**I.  STATEMENT OF CASE**

On June 23, 2009, the Defendant was charged by Indictment with three counts of federal criminal offenses involving the sexual exploitation of a minor. The first count charges Defendant with Coercion of a Minor, which carries a penalty of not less than 10 years up to life, in violation of 18 U.S.C. § 2422(b). The second count charges Defendant with Production of Child Pornography, which carries a mandatary minimum penalty of not less than 15 years imprisonment or more than 30 years, in violation of 18 U.S.C. § 2251(a).  The third  count charges Defendant with Travel with Intent to Have Sex with a Minor,

Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention  - 1
P91006jm.SLC.wpd

which carries a maximum penalty of not more than 30 years imprisonment, in violation of 18 U.S.C. § 2423(b).

On July 24, 2009, the Defendant was arrested in the District of Michigan and was ordered transferred back to the Eastern District of Washington on July 27, 2009. On August 20, 2009, the Defendant had his initial appearance before Magistrate Judge Imbrogno, and the United States moved to detain the Defendant pursuant to 18 U.S.C. §§ 3142(e). On August 25, 2009, Magistrate Judge Imbrogno conducted a bail hearing, the Government proffered the Pretrial Services report from the District of Michigan, and moved for the continued detention of the Defendant. Defense counsel had no objection to the Pretrial Services report from Michigan. The Court concluded that the Government had met its burden. The Court directed the USPO to prepare a Supplemental Pretrial Services report regarding residence matters in the District of Michigan and indicated the matter could be revisited on a Motion to Modify. Defendant was detained.

Defendant filed a Motion for Reconsideration of Pretrial Detention on September 14, 2009. The Court heard Defendant's Motion for Reconsideration on September 18, 2009, and after taking the matter under advisement, detained Defendant. The Court stated in its Order:

> Defendant's proffered residence plan is to reside with his sister, where minor children also reside. Defendant's sister represents that she will not leave her children alone with Defendant while he resides with her, and that she would have her sister, niece or neighbors available for childcare when she has to run errands. The undersigned is unable to conclude the residence plan has sufficient structure.

(Ct. Rec.26). Thus, the Defendant was detained.

Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention - 2

P91006jm.SLC.wpd

Although no new relevant evidence has since been provided, Defendant moves this Court for revocation of the Magistrate Judge's Order. Defendant suggests the residence plan submitted to the Magistrate Judge is sufficient and Defendant complains that the Government did not seek an Indictment until 2009, when Defendant's criminal conduct took place in 2005, which must somehow justify Defendant's release into the community.

The Government submits the Defendant was properly detained and that no condition or combination of conditions would reasonably assure the safety of any other person or the community. Furthermore, the United States submits that a delay in the charging of this case does not justify the Defendant's release. Moreover, evidence discovered during the investigation of the Defendant, indicates that as recently as January of 2008 the Defendant was still misrepresenting his true age on his Internet myspace page.

## II. FACTS

The United States intends to provide the following evidence during the appeal:

On September 8, 2005, Detective J.R. Sharp of the Ferry County Sheriff's Department was contacted by Detective Heck of the Wyandotte Police Department located in Wyandotte, Michigan regarding the alleged sexual molestation of a 13 year old female residing in the City of Republic, Washington (located in Ferry County). Specifically, Detective Heck informed that he had been contacted by Brenda Shelly, who reported that her husband at the time, Timothy Shelly, (they are now divorced) had been communicating on the Internet with a 13 year female in the Republic, Washington area and that Timothy Shelly flew to Washington to visit the 13 year old female over the labor day weekend in 2005 and planned to have sex with the female minor during such visit. Brenda Shelly also stated that she had found numerous e-mails and images of a young girl on her home

Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention - 3

P91006jm.SLC.wpd

computer. Brenda Shelly believed these images to be of the same female Timothy Shelly had visited in Washington in 2005. Brenda Shelly provided Defendant's computer to law enforcement for examination.

On September 12, 2005, Detective Sharp contacted the parents of the minor victim. The parents of the minor informed Detective Sharp that they were aware of a Tim Shelly, but believed him to be the teenage boyfriend of their daughter, not a 42 year old man. The parents of the minor provided consent for law enforcement to take their two home computers and review them. The father of the minor asked his daughter if Timothy Shelly had visited her over the Labor Day weekend in 2005, to which she replied that the he had. The minor admitted to having contact with Timothy Shelly, but said that they only kissed. The minor stated that in approximately January of 2005, while she was chatting on line with a friend, Shelly had send her an instant message on Yahoo and that they then began communicating on line. Initially Shelly provided a false name and age. She indicated Shelly had sent her some candles, stuffed animals, a CD player, two rings and a bracelet, and cell phones. She also indicated that she had emailed images of herself to Shelly at his request.

On November 15, 2005, the mother of the minor contacted Detective Sharp and informed that Timothy Shelly had sent the female minor another cell phone hidden in a stuffed animal. The mother also informed Detective Sharp that she had overheard a conversation between her daughter and Timothy Shelly, in which they discussed engaging in sexual relations when he had visited her in September of 2005. The minor was re-interviewed by Detective Sharp and admitted that when Timothy Shelly had visited her, she had "sucked" his penis and he had placed his fingers inside her vagina.

Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention - 4

P91006jm.SLC.wpd

Detective Sharp, thereafter, forwarded the matter to the Spokane FBI Office for further investigation. Detective Sharp provided the Spokane FBI Office with the two computers from the residence of the minor for analysis.

Unfortunately, due to a number of events, staffing and resources issues, FBI Special Agent Loza was not assigned to this case until April of 2007. Prior to that the minor and her mother had moved out of state and the FBI was unable to locate the victim in April of 2007. In January of 2008, SA Loza did locate the victim and interviewed her on January 10, 2008. The minor victim confirmed that Timothy Shelly had flown from Michigan to Washington and visited her over the Labor Day weekend in 2005. The minor also confirmed that they engaged in oral sex on two separate occasions during this weekend.

Also in January of 2008, SA Loza located the Defendant's myspace page, by using his email address trusken_one@yahoo.com which he had used when contacting the minor victim and determined that Defendant was still misrepresenting himself to be a 22 or 23 year old male (Defendant's date of birth is 10/12/63).

Additional computer forensic requests were made by SA Loza. Also SA Loza did further investigation which corroborated Defendant's travel to Spokane from Detroit, Michigan on labor day weekend in 2005. Frontier Airline records revealed that a Timothy Shelly traveled on September 1, 2005 from Detroit, Michigan to Spokane, Washington and returned from Spokane, Washington to Detroit, Michigan on September 4, 2005. Also, Enterprise records revealed that a Timothy Shelly rented a vehicle in Spokane on September 1, 2005 through September 4, 2005. The records also revealed that Timothy Shelly provided his residence as 512 Goddard Street, Wyandotte, Michigan (one of the addresses included on the Supplemental Pretrial Service Report dated 9/1//2009). On October 15, 2008, the owner of the Northern Inn located in Republic,

Washington, identified a Michigan State Driver's License picture of Timothy Shelly. The manager explained that on Labor Day weekend in 2005, Timothy Shelly stayed at the Inn for two days, September 1 and 2, 2005. On the third night, the manager informed Shelly that the Inn was full. On the registration card for the Northern Inn, Timothy Shelly provided his address as 512 Goddard, Wyandotte, Michigan.

A forensic analysis was performed by the FBI Seattle CART on the Defendant's computer and the two computers obtained from the victims residence. The forensic analysis revealed numerous e-mails and chat sessions between Timothy Shelly and the minor victim on the computer hard drives. The first chat recovered is dated April 16, 2005 and the last chat recovered was on September 7, 2005. The forensic analysis also revealed thousands of images of the victim on the Defendant's computer. The minor was naked in many of these images and her vaginal area was exposed in over 700 of these images. Some of these images depicted the minor inserting an object inside her vagina. Over 700 images of the minor are child pornography as defined by federal law.

This case was submitted to the U.S. Attorney's Office for prosecution in approximately January 2009. Defendant was indicted on June 23, 2009.

Defendant was arrested on July 24, 2009 and at that time was asked about his email address. Defendant provided the same email that SA Loza had used to locate his myspace page: trusken_one@yahoo.com. Defendant also advised law enforcement at the time of his arrest that he could not recall the age of his myspace profile.

## II. LEGAL AUTHORITY

### A. Rebuttable Presumption Supports Detention under § 3142(e).

The United States has moved for detention in this case pursuant to 18 U.S.C. § 3142 (e) and (f) which provides in pertinent part:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonable assure the appearance of the person as required ...-(1) upon motion of the attorney for the Government, in a case that involves . . .
>
> (A) *a crime of violence*, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is proscribed.

Id., (emphasis added).

A "crime of violence" is defined at 18 U.S.C. § 3156(a)(4):

> (A) an offense that has [as] an element of the offense that the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or . . .
>
> (C) Any felony under chapter 109A [sexual abuse], 110 [sexual exploitation of children], or 117 [transportation for illegal sexual activity]; [sic]

Under 18 U.S.C. § 3142(e) a defendant may be ordered detained pending trial if the Court finds one of the following three conditions to be true: (1) no condition or combination of conditions will reasonably assure the safety of any other person or the community. . . ; (2) no condition or combination of conditions will reasonably assure the appearance of the defendant; or (3) there is a serious risk the defendant will flee. Further, 18 U.S.C. 3142(e) provides that *"it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person*

*committed an offense . . . involving a minor victim under section 2251 [or] 2423."*

The rebuttable presumption in 3142(e) shifts to the defendant the burden of producing evidence that the defendant is <u>not</u> a flight risk and <u>not</u> a danger to the community. *See* U.S. v Portes, 786 F.2d 758 (7th Cir. 1985). Even if the defendant presents contrary evidence, the Court should weigh the presumption in favor of pretrial detention as one of the factors to be considered along with those set forth in 3142(g). Id. ("[rebuttable presumption] remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in §3142(g)").

**B. <u>Factors in Support of Detention under § 3142(g)</u>.**

The Bail Reform Act of 1984, as amended in 1986 and 1988, determines the conditions under which bail is available. 18 U.S.C. §§ 3141-3142. The statute specifies four factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(g). These factors are: **(1)** the nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; **(2)** the weight of the evidence against the defendant; **(3)** the history and characteristics of the defendant, including his character, physical and mental condition, family ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Id.; Motamedi, 767 F.2d at 1407.

If, after a hearing, the court determines that no condition or combination of conditions will reasonably assure the safety of the community, the court is to order the Defendant's detention. 18 U.S.C. § 3142(e).

**(1) The Nature and Circumstance of the Offense Charged: A crime of violence (child sexual exploitation):**

The offenses that are alleged by Indictment are violent offenses. Defendant has sexually molested a minor child, requested and taken sexually explicit photographs of this same minor being sexually exploited.

**(2) The Weight of the Evidence Against the Defendant:**

The weight of evidence against the Defendant is substantial. The minor victim in this case has disclosed that Defendant sexually molested her. The minor's disclosure of molestation by the Defendant have been confirmed by sexually explicit photographs found on the Defendant's computer and email chat's on the victim and Defendant's computer. Over 700 child pornography images of the minor Defendant sexually molested that have been found on Defendant's computer.

**(3) The History and Characteristics of the Defendant(s), including Character, Physical and Mental Condition, Family Ties, Past Conduct, History Relating to Drug and Alcohol abuse, Criminal History, and Record Concerning Appearance at Court Proceedings:**

Defendant molested a minor in 2005, initially representing himself to be a young man in his early 20's. He continued to misrepresent his age on his myspace page as recently as January of 2008. According to the Supplemental Pretrial Service Report dated September 11, 2009, Defendant has a recent history of illicit drug use based upon a urinalysis that tested positive for marijuana. However, when Defendant was interviewed by the pretrail service officer in the Eastern District of Michigan he denied any history of substance abuse.

### (4) The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendants Release:

Child pornography offenses are, by their very nature, crimes of violence. There is at least one identified minor that has been victimized by Defendant's conduct. Thus, the Defendant poses a very real threat to the safety of his victim and to other minors with whom he may come into contact if not detained pre-trial.

The Supplemental Pretrial Services Report also found that Defendant is a risk of danger to the community based on:

- Release plans place defendant in immediate proximity to minor children
- Information indicating a recent history of illicit drug use
- Nature of the offense

The Pretrial Service Report concluded: ..."it appears that no condition or combination of conditions can be imposed by the Court that would reasonably assure the defendant's appearance in Court and the safety of the community. Therefore, detention of the defendant is recommended pending adjudication of the matter." (PSR pg.3).

## III. CONCLUSION

The United States contends that both standards for detention are met in the instant case. First, the rebuttable presumption exists supporting Defendant's pre-trial detention, which Defendant has not overcome. Second, detention is proper as a safety issue is shown here by clear and convincing evidence. Therefore, the United States respectfully requests that the court find that there is no condition or set of conditions that can assure the safety of the community and others, and that

the Defendant be detained until the final resolution of the pending sexual exploitation charges.

DATED October 6, 2009.

James A. McDevitt
United States Attorney

*s/ Stephanie J. Lister*

Stephanie J. Lister
Assistant United States Attorney

I hereby certify that on October 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Amy H. Rubin
Federal Defenders
10 North Post
Suite 700
Spokane, WA 99201

*s/Stephanie J. Lister*

Stephanie J. Lister
Assistant United States Attorney

Memorandum in Opposition to Defendant's Appeal of Magistrate's Order of Detention - 11
P91006jm.SLC.wpd