James A. McDevitt
United States Attorney
Eastern District of Washington
Stephanie J. Lister
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 23 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIMOTHY A. SHELLY, ) <br> ) <br> Defendant. ) | 09-CR-0089-RHW <br><br> Plea Agreement |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Stephanie J. Lister, Assistant United States Attorney for the Eastern District of Washington, and Defendant TIMOTHY A. SHELLY and the Defendant's counsel, Roger Peven and Amy H. Rubin, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, TIMOTHY A. SHELLY, agrees to plead guilty to Count 1 and Count 3 of the Indictment filed on June 23, 2009, charging the Defendant with Coercion of a Minor, in violation of 18 U.S.C. § 2422(b)(Count 1), and Travel with Intent to Have Sex with a Minor, in violation of 18 U.S.C. § 2423(b)(Count 3).

The Defendant, TIMOTHY A. SHELLY, understands that the following are the minimum and maximum statutory penalties for these offenses:

      (a). Coercion of a Minor, in violation of 18 U.S.C. § 2422(b), is a Class B felony charge and carries a penalty of not less than 5 years nor more than 30 years imprisonment; a fine not to

Plea Agreement - 1
P91214jm.SLB.wpd

exceed $250,000; a term of supervised release of not more than life; and a $100 special penalty assessment.

  (b). Travel with Intent to Have Sex with a Minor, in violation of 18 U.S.C. § 2423(b), is a Class B felony charge and carries a maximum penalty of not more than 30 years imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than life; and a $100 special penalty assessment.

The Defendant, TIMOTHY A. SHELLY, understands sentences for these charges may be imposed consecutively by the Court.

The Defendant, TIMOTHY A. SHELLY, also understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court becomes Bound by the Plea Agreement When it Accepts the Agreement:</u>

This Plea Agreement is entered into under Fed. R. Crim. P. 11(c)(1)(C). Defendant, TIMOTHY A. SHELLY, understands that the court may accept this Plea Agreement, reject it, or defer its decision until a Presentence Report (PSR) has been reviewed.[1] If the court accepts this agreement, the court will be bound to impose a sentence in accordance with the provisions hereof. If the court rejects

---

[1] The district court must accept the Defendant's guilty plea before reviewing the PSR. It is error for the court to review the PSR before it has actually accepted the plea (as opposed to reviewing the PSR and then accepting and agreeing to be bound by the plea agreement under Rule 11(c)(1)(C)). See <u>In re: James H. Gallaher, Jr.</u>, WL 4877454, (9th Circuit), November 13, 2008 (NO. 07-74593).

Plea Agreement - 2
P91214jm.SLB.wpd

this plea agreement, Defendant shall have the right to withdraw his guilty plea, and the parties shall be free to proceed as if this agreement did not exist. As well, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon.

3. <u>Waiver of Constitutional Rights</u>:

The Defendant, TIMOTHY A. SHELLY, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a). The right to a jury trial;
    (b). The right to see, hear and question the witnesses;
    (c). The right to remain silent at trial;
    (d). The right to testify at trial; and
    (e). The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4. <u>Elements of the Offenses</u>:

The United States and the Defendant agree that in order to convict the Defendant of Count 1, Coercion of a Minor, in violation of 18 U.S.C. § 2422(b), the United States would have to prove beyond a reasonable doubt the following elements:

    (a). First, on or about January 2005 through on or about September 2005, in Republic, in the Eastern District of Washington, the Defendant, TIMOTHY A. SHELLY, knowingly used a computer to attempt to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity;

Plea Agreement - 3
P91214jm.SLB.wpd

  (b). Second, the Defendant believed that such individual was less than eighteen (18) years of age; and

  (c). Third, that the Defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

The United States and the Defendant agree that in order to convict the Defendant of Count 3, Travel with Intent to Have Sex with a Minor, in violation of 18 U.S.C. § 2423(b), the United States would have to prove beyond a reasonable doubt the following elements:

  (a). First, between on or about September 1, 2005, and on or about September 4, 2005, the Defendant, TIMOTHY A. SHELLY, knowingly traveled in interstate commerce, that is, from the State of Michigan to Republic, Washington, in the Eastern District of Washington; and

  (b). Second, the Defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a minor.

5. <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for TIMOTHY A. SHELLY's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On September 8, 2005, Detective Sharp of the Ferry County Sheriff's Department was contacted by Detective Heck of the Wyandotte Police Department located in Wyandotte, Michigan regarding the alleged sexual molestation of a 13 year old female residing in the City of Republic, Washington (located in Ferry County, in the Eastern District of Washington). Specifically, Detective Heck

Plea Agreement - 4
P91214jm.SLB.wpd

advised Detective Sharp that he had information that Timothy Shelly had been communicating on the Internet with a 13 year old female in the Republic, Washington area and that Shelly had flown from Michigan to Washington to visit the 13 year old female over the labor day weekend in 2005. Defendant's wife provided law enforcement with the computer from the Shelly home and handwritten letters and notes, some of which provided flight information from Michigan to Washington and directions to Republic, Washington. The case was referred to Detective Sharp for further investigation.

On September 12, 2005, Detective Sharp contacted the parents of the victim and informed them of the information provided to him by Detective Heck. They indicated that they were aware of a Tim Shelly, but believed him to be the teenage boyfriend of their daughter, not a 42 year old man. They gave Detective Sharp consent to take their two home computers for forensic review and instructed their daughter to provide the letters Shelly had sent her. The victim also advised Detective Sharp that in approximately January of 2005, while she was chatting on line with a friend, Shelly had sent her an instant message on Yahoo and that they then began communicating on line. Initially Shelly provided a false name and age. She indicated Shelly had sent her some candles, stuffed animals, a CD player, two rings and a bracelet, and cell phones. She also indicated that she had emailed images of herself to Shelly at his request.

On November 15, 2005, the mother of the victim contacted Detective Sharp and informed him that Timothy Shelly had sent her daughter another cell phone hidden in a stuffed animal. The mother also informed Detective Sharp that she had overheard a conversation between her daughter and Timothy Shelly, in which they discussed engaging in sexual relations when he had visited her in September of 2005. The victim was re-interviewed by Detective Sharp and admitted that when Timothy Shelly had visited her, she had "sucked" his penis and he had placed his fingers inside her vagina.

Plea Agreement - 5
P91214jm.SLB.wpd

Detective Sharp, thereafter, forwarded the matter to the Spokane FBI Office for further investigation. Detective Sharp provided the Spokane FBI Office with the Shelly computer and the two computers from the residence of the victim for analysis.

On January 7, 2008, the victim was interviewed by FBI Special Agent Loza. The victim confirmed that Timothy Shelly had flown from Michigan to Washington and visited her over the Labor Day weekend (September 1-September 4) in 2005. She also confirmed that they engaged in oral sex on two separate occasions during this weekend. The victim stated that she had originally met Timothy Shelly on-line. Timothy Shelly first claimed to be 19 or 20 years old, and then later admitted to her that he was 41 years old. The victim stated that Timothy Shelly would ask her to show him her naked body via the web camera, which she would do. Timothy Shelly would specifically ask her to show him her vaginal area. Timothy Shelly informed her that he would save the images of her naked body, including her vaginal area, and view them while they were having phone sex.

Frontier Airline records revealed that a Timothy Shelly traveled on September 1, 2005 from Detroit, Michigan to Spokane, Washington and returned from Spokane, Washington to Detroit, Michigan on September 4, 2005. Enterprise car rental records revealed that a Timothy Shelly rented a vehicle in Spokane, Washington on September 1, 2005 through September 4, 2005. The records also revealed that Timothy Shelly provided his residence was in Wyandotte, Michigan.

On October 15, 2008, the owner of the Northern Inn located in Republic, Washington, was shown the Michigan State Driver's License picture of Timothy Shelly. The owner stated that she recognized Timothy Shelly. She explained that on Labor Day weekend back in 2005, Timothy Shelly stayed at the Inn for two days, September 1 and 2, 2005. On the third night, she informed Shelly that the

Plea Agreement - 6
P91214jm.SLB.wpd

Inn was full. On the registration card for the Northern Inn, Timothy Shelly provided his address as Wyandotte, Michigan.

A forensic analysis was performed by the FBI on the Shelly computer and the two computers from the victim's residence. The forensic analysis revealed numerous e-mails and chat sessions between Timothy Shelly and the victim discussing such things as sex and the sending of pornographic images. The first chat recovered is dated April 16, 2005 and the last chat recovered was on September 7, 2005. The forensic analysis also revealed thousands of images of the victim on the Shelly computer. The victim was naked in many of these images and her vaginal area was exposed in over 700 of these images. Some of these images depicted the victim inserting an object inside her vagina. The images were reviewed by the FBI and determined to be child pornography, as that term is defined by 18 U.S.C. § 2256(8).

The image files found on the Shelly computer were sent to the National Center for Missing and Exploited Children (NCMEC). NCMEC found no evidence that Defendant has distributed images of this victim to others via email or the Internet.

6. <u>The United States Agrees to Dismiss</u>:

At the time of sentencing, the United States agrees to move to dismiss Count 2 of the Indictment, which charges the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

7. <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G."), effective November 1, 2004, are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

    (a.) <u>Base Offense Level</u>:

  The United States and the Defendant agree that the base offense level for Coercion of a Minor (Count 1) and Travel with Intent to Have Sex with a Minor (Count 3) is 24. <u>See</u> U.S.S.G. §2G1.3(a).

    (b.) <u>Specific Offense Characteristics</u>:

  The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the knowing misrepresentation of a participants's identity (originally the Defendant misrepresented his age to the minor) to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. <u>See</u> U.S.S.G. §2G1.3(b)(2).

  The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer to persuade a minor to engage in prohibited sexual conduct. <u>See</u> U.S.S.G. §2G1.3(b)(3).

  The United States and the Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of a sexual act. <u>See</u> U.S.S.G. §2G1.3(b)(4)(A).

    (c.) <u>Acceptance of Responsibility</u>:

  If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than March 23, 2010, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

  The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level

downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Furthermore, the Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment, as a condition to this recommendation by the United States.

*Therefore, the United States and the Defendant agree that the Defendant's final adjusted offense level would be 27.*

    (c.) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    8. <u>Departures</u>:

There are aggravating factors with respect to the correct calculation of the Sentencing Guidelines. The Government and Defendant agree that both the Government and Defendant, TIMOTHY A. SHELLY, will seek an upward departure of 5 levels from the applicable Guidelines, resulting in an adjusted offense level of 32 and a sentencing guideline range of 121-151 months.

    9. <u>Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant, TIMOTHY A. SHELLY, and the United States agree that the Defendant be sentenced to a term of imprisonment of 12 years.

Plea Agreement - 9
P91214jm.SLB.wpd

10. <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11. <u>Supervised Release</u>:

The United States and Defendant have not agreed to a term of supervised release. The Defendant agrees to recommend a term of ten years, the United States agrees it will recommend that the Court impose a lifetime term of supervised release.

The United States and Defendant have agreed to recommend the Court include the following special conditions, in addition to the standard conditions of supervised release:

(1) that the Defendant not have any contact with the victim(s);

(2) that the Defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer, this includes prohibiting the Defendant from having any contact with any child by telephone or the Internet. The Defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

(3) that the Defendant allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The Defendant shall not possess or use any data encryption technique or program. The Defendant shall purchase and use such hardware and software systems that monitor the Defendant's computer usage, if directed by the Probation Officer;

(4) that the Defendant shall not reside or loiter within 500 feet of places where children under the age of 18 congregate, which includes primary and

secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades;

(5) that the Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). The Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, and strip bars. The Defendant shall not use any sex-related adult telephone number. The Defendant shall provide all his telephone records to monitor compliance, at the direction of the Probation Officer;

(6) that the Defendant register as a sex offender, according to the laws of each state in which the Defendant resides, is employed, carries on a vocation, or is attending school. The Defendant shall provide written verification of compliance with this requirement to the Probation Officer;

(7) that the Defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and completion of the ABEL assessment, at the direction of the Probation Officer;

(8) that the Defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability to pay.

12. <u>Restitution</u>:

The victim in this case indicates she does not seek restitution.

Plea Agreement - 11
P91214jm.SLB.wpd

13. <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14. <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Forfeiture</u>:

The Defendant TIMOTHY A. SHELLY, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets identified in the forfeiture allegation of the Indictment, to the United States, to include the following:

-Computer hard drive, serial number WMA9P1666869

The Defendant stipulates that he is the sole owner of the asset identified in the Indictment and that no one else has an interest in the asset.

The Defendant acknowledges that the asset listed above that the Defendant is agreeing to forfeit is subject to forfeiture pursuant to 18 U.S.C. § 2428, as property used or intended to be used to commit or to facilitate the commission of the Coercion of a Minor offense charged in Count 1, and the Travel with Intent to Have Sex with a Minor offense charged in Count 3 of the Indictment. The Defendant agrees to take all steps as requested by the United States to pass clear title to the asset to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever

Plea Agreement - 12
P91214jm.SLB.wpd

arising in connection with the seizure and forfeiture of any asset covered by this agreement.

    The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized asset the Defendant is agreeing to forfeit in this Plea Agreement.

16.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

    The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

17.    <u>Appeal Rights</u>:

    In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal the sentence if the Court imposes a prison term of no longer than 12 years. Defendant hereby expressly waives his right to appeal his conviction. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence if it is 12 years, including a motion pursuant to 28 U.S.C. § 2255 (writ of habeas corpus), except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

    Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 1 or Count 3 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate all counts of

Plea Agreement - 13
P91214jm.SLB.wpd

Indictment No. 09-CR-0089-RHW; and the United States may prosecute the Defendant on all available charges involving or arising from the Indictment.

18. <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

19. <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Plea Agreement - 14
P91214jm.SLB.wpd

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____          3/23/10
Stephanie J. Lister                       Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          3/23/10
TIMOTHY A. SHELLY                         Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's

Plea Agreement - 15
P91214jm.SLB.wpd

decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  3/23/10
Amy H. Rubin                     Date
Attorney for the Defendant


_____  3·23·10
Roger Peven                      Date
Attorney for the Defendant

Plea Agreement - 16
P91214jm.SLB.wpd